IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| IN THE MATTER OF: ) | CASE NO. BK08-41832-TJM |
| ) | |
| ROGER L. McGOWAN, JR., and ) | CH. 12 |
| LADONA M. McGOWAN, ) | |
| ) | |
| Debtor(s). ) | |

ORDER

The debtors' Amended Chapter 12 Plan, Filing #92, came on for hearing on March 18, 2009, in Lincoln, Nebraska. Wayne Griffin appeared for the debtors, James Overcash appeared as Chapter 12 trustee, and Susan Williams appeared for Nebraska State Bank. Evidence was presented in support of confirmation and in resistance to confirmation and arguments were made by counsel.

The amended plan cannot be confirmed. It provides for a 100% payment of unsecured claims, plus interest, over a period of ten years. The Bankruptcy Code at 11 U.S.C. § 1222(c) prohibits confirmation of a plan that provides for payment of unsecured claims over a period in excess of five years. Counsel for the debtors has argued that since all unsecured claimants received notice of the terms of the plan and none objected, perhaps the court could determine that they had waived the maximum payout time. However, in this circuit, the District Court of the Western District of Missouri has determined that the five-year limit is jurisdictional. Agribank, FCB v. Honey (In re Honey), 167 B.R. 540 (W.D. Mo. 1994). Jurisdictional time limits cannot be waived or forfeited. Kontrick v. Ryan, 540 U.S. 443, 456 (2004).

While these debtors have previously received a discharge in a Chapter 13 case, that fact should have no impact upon the treatment of unsecured claims. Although Chapter 13, at 11 U.S.C. § 1328(f), prohibits a debtor in a Chapter 13 case from receiving a discharge if the debtor had received a discharge in a Chapter 7, 11 or 12 case during the four-year period preceding the order for relief and prohibits a debtor from receiving a discharge if the debtor had received a discharge in a case filed under Chapter 13 during the two-year period preceding the date of the order for relief, Chapter 12 has no such provision. In other words, even though a Chapter 12 debtor has received a discharge under another chapter, at any time, such earlier discharge does not affect the right of a Chapter 12 debtor to receive a discharge in the current Chapter 12 case.

These debtors will be allowed to file an amended plan to deal with the unsecured claims and to deal with the remaining issues from the objection filed by the Nebraska State Bank. The objection of Nebraska State Bank shall be dealt with below.

The first portion of the bank's objection is that the interest rate proposed to be paid on the bank's secured claims is 5.25% whereas the interest rate proposed to be paid on all other secured claims is 7%. The bank asserts that such disparate treatment is discriminatory and should not be permitted. The bank's objection is not well taken. As the evidence presented by the debtors shows, the 7% rate was a negotiated rate with each of the other secured creditors. The debtors could not reach a settlement with the bank and therefore, following Local Rule 3023-1, the bank is to be paid the present prime rate as published in the Wall Street Journal, plus 2%. There is no prohibition in the Bankruptcy Code against paying a different rate of interest to different classes of claims. In this

plan, every secured claim is a class of its own. The debtors have complied with the local rule and the bank has presented no evidence that there is anything improper about it.

The bank objects to a seven-year payoff for the non-real estate loans. It suggests that those were extremely short-term loans that should have been paid off from the proceeds of the Colorado tree removal contract which had been assigned to the bank. Because the debtors did not deliver the proceeds to the bank and instead used such proceeds themselves, the short-term notes were not paid off. The bank requests a payoff of three to five years. The debtor responds that the bank is oversecured because it holds cross-collateralized security interests in much of the personal property and liens on all of the real estate. The debtors take the position that because they propose to pay the bank in full, the bank does not have anything to complain about when it is paid over a period of seven years.

Because the non-real estate loans were intended to be very short term and because the allegation of the bank that the debtors failed to properly apply the Colorado contract proceeds is uncontradicted by the debtors, I believe that the bank has a legitimate basis for requesting a shorter payoff period. Such payoff must occur within five years, with the first payment, as earlier agreed to, occurring in December 2009.

The bank argues that it should not be required to apply proceeds of crop sales and other proceeds that it has recently received in any manner other than that which the notes and security documents call for. I agree. Although the debtors propose to pay the bank more on the short-term note obligations than the value of the bank's equipment collateral, the bank has a right to treat payments from the debtors from proceeds of collateral which is part of the guaranteed loan transaction in a manner consistent with the guaranteed loan terms. Even though this requirement may cause the debtors to file an amended plan that treats the bank's short-term notes which are secured now by equipment as partially secured and partially unsecured based upon the recent appraisal, the bank does not have much of a complaint if it does not have evidence of a significantly higher equipment value.

The bank insists on obtaining annual financial information and payments on or before December 15 of each year. Those are reasonable requests and have been agreed to by the debtors.

The bank wants a drop-dead clause. No such clause is required, particularly because it appears the bank may be oversecured.

The bank does not want its accrued attorney fees to be lumped in with payments on the short-term notes. The bank has a legitimate interest in having the attorney fees separately determined and amortized over a period of not more than three years.

If an amended plan is filed, financial projections accompanying such amended plan need to be reviewed and amended. The current projection prices wheat at $8.00 a bushel. Although the debtors may have locked in such a price for 2009 delivery, if they plan to use that price for future projections, they must be prepared to present evidence concerning the likelihood that the per bushel price will reach that amount on a regular basis during the term of the plan.

IT IS ORDERED that the current amended plan, Filing #92, is denied confirmation. An

amended plan should be filed by April 15, 2009.

    DATED:    March 23, 2009

    BY THE COURT:

    <u>/s/ Timothy J. Mahoney</u>
    Bankruptcy Judge

Notice given by the Court to:
    *Wayne Griffin
    James Overcash
    Susan Williams
    U.S. Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.